**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| PATRISHA AND STEVEN SILLAVAN, on behalf of their minor children, C.S., B.S., and L.S.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES and KATHERINE GRAFF,<br><br>Defendants. | NO. 2:17-CV-01126<br><br>~~PROPOSED~~<br><br>ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER<br><br>NOTED ON MOTION CALENDAR:<br>**MAY 18, 2018** |

This matter comes before the Court on Defendants Washington State Department of Social and Health Services' (DSHS) Motion for Protective Order (Motion). Dkt. # 12. Plaintiffs failed to file a brief in opposition, which the Court considers to be "an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Having considered the Motion and balance of the record, the Court **GRANTS** the Motion.

**PROTECTIVE ORDER**

1. <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be

~~PROPOSED~~ ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

1

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

warranted. Accordingly, the Court enters this Protective Order. The parties acknowledge that this Protective Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

2. <u>Conference of Parties</u>. The parties conferred about the need for a protective order on May 1, 2018, as required by Fed. R. Civ. P. 26(c)(1) and LCR 26(c)(1).

3. <u>Need for Production</u>. The parties' need for production of privileged and confidential information and records outweighs any reason for maintaining the privacy and confidentiality of those records.

4. <u>Prior Sillavan Litigation Records and Protection Order</u>. In a previous related Washington State action, Island County Superior Court No. 14-2-00573-8, *Sillavan v. State*, a protective order was signed by Washington Superior Court Judge Alan Hancock on August 17, 2015.

5. The information produced in that action is substantially the same information that is to be produced in this action. All protections in this protective order hereby extend to all discovery released in the previous suit.

6. <u>Confidential Material</u>. "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

    A. DSHS MODIS, FamLink, and Children's Administration files of adopted minor children, L.S. f/k/a L.P. and W.S. f/k/a W.C.

    B. DSHS MODIS, FamLink, and Children's Administration files of Jennifer Childs regarding minor child W.S. f/k/a W.C.

    C. DSHS MODIS, Famlink, and Children's Administration files of Danielle Price regarding minor child L.S. f/k/a L.P.

    D. DSHS MODIS, FamLink, and Children's Administration files of Patrisha Sillavan regarding minor children C.S. and B.S.

PROPOSED ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

2

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

|   |   |   |   |
|---|---|---|---|
| 1 | | E. | Adoption Disclosure Files and Legally Free files of minor children L.S. and W. S. f/k/a W.C. |
| 2 | | F. | Military personnel files of Patrisha and Steven Sillavan. |
| 3 | | G. | Licensing files of Patrisha and Steven Sillavan, containing records of adults and minors not parties to this case. |
| 4 | | H. | Licensing file of Steven Cook, containing records of adults and minors not parties to this case. |
| 5 | | I. | DSHS MODIS, FamLink, and Children's Administration files for foster homes where adopted children, L.S. f/k/a L.P. and W.S. resided. |
| 6 | | J. | E-mails related to this case obtained through specific search terms. |
| 7 | | K. | Defendant Katherine Graff's personnel file. |
| 8 | | L. | Medical, educational, psychological records of minor children W.S. f/k/a W.C, L.S. f/k/a L.P., C.S., and B.S. |

7. DSHS shall produce copies of the above-listed confidential materials without redacting the following:

    A. The names and personal information, to include medical, psychological, alcohol and chemical dependency treatment, sex offender status, and any related CPS referrals and/or law enforcement contacts of the following:

        i. B.S.

        ii. C.S.

        iii. L.S. f/k/a L.P.

        iv. A.S. f/k/a E.C.

        v. W. S. f/k/a W.C.

        vi. Patricia and Steven Sillavan.

        vii. Jennifer Childs and Williams Childs, Sr.; W.C., Jr., A.C., I.C., Q.C., the biological parents and siblings of W.S.

        viii. Danielle Price and Lewis Peters; T.H., the biological parents and half-sibling of L.S.

        ix. Amy Price, biological grandmother of L.S.

    B. The names of mandatory reporters listed in CPS referrals.

~~PROPOSED~~ ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

3

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

C. Defendant Katherine Graff's personnel file, other than personal information (social security number, financial information, personal phone number, personal e-mail address) redacted pursuant to Wash. Rev. Code 42.56.250. 42 U.S.C. § 405(c)(2)(C)(viii)(I)).

D. Personal information of foster parents.

E. A privilege log will be included in all productions noting documents redacted or withheld and the reasons therefore.

8. The above-listed records shall be redacted consistent with Wash. Rev. Code 42.56, other applicable statutes, and federal rules 42 U.S.C. § 405(c)(2)(C)(viii)(I), with redactions to include but not be limited to: all social security numbers, driver's license numbers, and financial account information, and information and records covered by attorney-client privilege/work product.

9. <u>SCOPE</u>. The protections conferred by this Protective Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material, (2) all copies, excerpts, summaries, or compilations of confidential material, and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

PROPOSED ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

4

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

## ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

10. <u>Basic Principles</u>. A receiving party may use confidential material disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

11. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    A. The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation.

    B. The officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated.

    C. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

    D. The court, court personnel, and court reporters and their staff.

    E. Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material.

    F. In preparation for and during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages

PROPOSED ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

5

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

  G. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  12. <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## DESIGNATING PROTECTED MATERIAL

  13. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

PROPOSED ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

6

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

14. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., paragraph 13 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

15. <u>Information in documentary form</u>. (E.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

16. <u>Testimony given in deposition or in other pretrial or trial proceedings</u>. The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

17. <u>Other tangible items</u>. The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

18. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

PROPOSED ORDER GRANTING DSHS'
AND KATHERINE GRAFF'S MOTION
FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

7

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

19. <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

20. <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

21. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

<u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    A.    Promptly notify the designating party in writing and include a copy of the subpoena or court order.

~~PROPOSED~~ ORDER GRANTING DSHS'
AND KATHERINE GRAFF'S MOTION
FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

8

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

B. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order.

C. Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

22. <u>Unauthorized Disclosure of Protected Material</u>. If a receiving party learns, by inadvertence or otherwise, that it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

23. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

24. <u>Non Termination and Return of Documents</u>. Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

PROPOSED ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

9

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

confidential material. The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

25. A copy of this Protective Order shall accompany each copy of information or records protected by this Protective Order released to any parties' experts. No attorney or expert shall disclose any information gained or derived from the aforementioned information or records to anyone without further order of the Court unless the person to whom the information is disclosed is otherwise entitled to obtain said information pursuant to this Protective Order or to statutory exemptions from confidentiality.

26. This Protective Order shall remain in full force and effect until such time as this Court modifies its terms or releases the parties from its provisions.

Dated this the 25th day of June, 2018.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

PROPOSED ORDER GRANTING DSHS'
AND KATHERINE GRAFF'S MOTION
FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

10

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, (print or type full name) of _____ _____ (print or type full address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Patricia and Steven Sillavan, on behalf of their minor children C.S., B.S., and L.S. v. Washington State Department of Social and Health Services, et al.,* USDC Cause No. 2:17-CV-01126. I agree to comply with and to be bound by all the terms of this Protective Order and understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

PROPOSED ORDER GRANTING DSHS' AND KATHERINE GRAFF'S MOTION FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

11

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

Dated this _____ day of _____, 2018.

_____
Signature

_____
Printed name:

_____
City and State where sworn and signed:

PROPOSED ORDER GRANTING DSHS'
AND KATHERINE GRAFF'S MOTION
FOR PROTECTIVE ORDER
NO. 2:17-CV-01126

12

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243